IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,744-01






EX PARTE MARY KATHRYN WEAVER SCOTT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004-F-00261 IN THE 5TH DISTRICT COURT


FROM CASS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty years' imprisonment. The Sixth Court of Appeals affirmed her conviction. Scott
v. State, No. 06-05-246-CR (Tex. App.-Texarkana, delivered April 20, 2007), pet. ref'd. 

 Applicant contends, inter alia, that her trial counsel rendered ineffective assistance by failing
to fully discuss a plea bargain offer with her, failing to fully discuss the decision to have her refrain
from testifying on her own behalf during trial, failing to request a competency hearing and have her
evaluated by a psychologist, failing to effectively cross-examine various witnesses, failing to
investigate and cross-examine her ex-husband regarding their history of domestic violence,
specifically the details of the two incidents about which he was called to testify, failing to present
character evidence, specifically failing to call Applicant's sister to testify, and failing to investigate
forensic evidence. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel informed Applicant of all the plea
bargain offers made by the State. The trial court shall make findings as to whether counsel discussed
with Applicant the benefits and detriments of calling her to testify on her own behalf at trial. The
trial court shall make findings as to whether counsel requested that the trial court hold a competency
hearing prior to trial and if not, why not. The trial court shall make findings as to whether counsel
investigated the State's witnesses in preparation for cross-examination and if so, why he failed to
cross-examine the witnesses on the issues detailed in the application. The trial court shall make
findings as to whether counsel investigated the forensic evidence in the case, or had a forensic expert
investigate the evidence in preparation for trial. The trial court shall make findings as to whether
counsel failed to call character witnesses on Applicant's behalf, and if so, why he failed to call such
witnesses. The trial court shall make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 29, 2008

Do not publish